**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adan Orduno, | No. CV-17-2911-PHX-JAT (DKD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE JAMES A. TEILBORG, SENIOR U. S. DISTRICT JUDGE:

Adan Orduno filed a Petition for Writ of Habeas Corpus ("Petition") on August 28, 2017, challenging his convictions and sentences for escape and influencing a witness. His Petition alleges due process violations, ineffective assistance of appellate counsel, and various errors by the Maricopa County Superior Court. Respondents argue that his Petition is untimely and that he is not entitled to equitable tolling. As detailed below, the Court recommends that Orduno's Petition be denied and dismissed with prejudice.

## BACKGROUND

On September 3, 2014, at the conclusion of a ten-day jury trial held in Maricopa County Superior Court where Orduno represented himself, a jury found Orduno guilty of one count of escape and one count of influencing a witness and found aggravating factors for both counts. (Doc. 10-1, Exs. B, C) At sentencing, Orduno's motion for a new trial was denied and he received an aggravated sentence of six years' imprisonment for the

escape count and a super-aggravated term of seven and one- half years for the influencing a witness count.  (Doc. 10-1, Ex. D)

On October 2, 2014, Orduno filed a *pro se* notice of appeal in the Arizona Court of Appeals.  (Doc. 10-1, Ex. E)  Orduno's court-appointed counsel argued that his rights were violated because the Court had provided a security guard for a witness thereby influencing the jury on the influencing a witness charge.  (Doc. 10-1, Ex. G)  Orduno's subsequent request to file a supplemental *pro se* appellate brief was denied.  (Doc. 10-1, Exs. H, I, J)

At the conclusion of briefing, the Court of Appeals affirmed Orduno's convictions and sentences on January 28, 2016, stating that "[the] Defendant has not presented sufficient evidence to enable us to determine that courtroom security was noticeable to the jury.  On this record, we can find no error, much less fundamental error." (Doc. 10-1, Ex. B at ¶10)  Orduno did not petition the Arizona Supreme Court for review and, on August 25, 2016, the mandate issued.  (Doc. 10-2, Ex. K, P, Q)

On October 6, 2016, Maricopa County Superior Court filed Orduno's Notice of Post-Conviction Relief ("Notice").  (Doc. 10-2, Ex. L)  Orduno had signed the Notice on October 2, 2016.  (Doc. 10-2, Ex. L)  On October 20, 2016, the Superior Court dismissed his Notice because it was "untimely by ten days" and "facially non-meritorious." Specifically, the Superior Court found that, because the appellate court's mandate was issued on August 25, 2016, the deadline for his Notice was September 26, 2016, and thus his filing on October 6, 2016, was untimely under Arizona Rule of Criminal Procedure 32.4(a).  (Doc 10-2, Ex. M)

On November 9, 2016, the Arizona Court of Appeals filed Orduno's *pro se* petition for review which he had signed on November 2, 2016.  (Doc. 10-2, Ex. N)  On October 19, 2017, the Court of Appeals granted review and denied relief finding that he had failed to show that the Superior Court abused its discretion in denying his petition for review.  (Doc. 10-2, Ex. O)  Orduno did not petition the Arizona Supreme Court for review.  (Doc. 10-2, Ex. R)

On August 28, 2017, Orduno filed his Petition in this Court. (Doc. 1) His Petition alleges due process violations, ineffective assistance of appellate counsel, and various errors of state law by the Superior Court. (Doc. 1) Respondents contend that his Petition is untimely and that he is not entitled to equitable tolling. (Doc. 10) Respondents further contend that most of his claims are unexhausted, procedurally barred, non-cognizable, and that no claim is reviewable on the merits. (Doc. 10) As described below, the Court disagrees that the Petition is untimely; however, the Court finds that Orduno is not entitled to relief under the claims asserted and so any errors in calculating time frames does not entitle Orduno to relief.

## ANALYSIS

### Orduno's Petition Was Timely

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily told during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2).

Under Arizona law, an "appellate court decision is not final until the mandate issues" if no further review is sought. *Celaya v. Stewart*, 691 F.Supp.2d 1046, 1054-55 (D.Ariz. 2010), aff'd 497 Fed. Appx. 744, (9th Cir. 2012). Because Orduno did not file a petition for review at the Arizona Supreme Court, his conviction became final on August 26, 2016, when the Arizona Court of Appeals issued its mandate. *See also Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires").

Pursuant to Arizona Rule of Criminal Procedure 32.4(a)(2)(D), Orduno had to initiate post-conviction proceedings "no later than 90 days after the entry of judgment

and sentence or no later than 30 days after the issuance of the order and mandate in the direct appeal, whichever is later." For Orduno, this clock started when the Arizona Court of Appeals issued its mandate on August 25, 2016, and ended 30 days later on Saturday, September 24, 2016. Under Arizona Rule of Criminal Procedure 1.3(a)(2), because the time frame ended on a Saturday, it was extended to the following Monday, September 26, 2016. Moreover, under Rules 1.3(a)(2), (3) and (5), the last day was actually a week later: Monday, October 3, 2016.

Orduno signed his Petition on Sunday, October 2, 2016, and it was filed on October 6, 2016. The Superior Court summarily dismissed his Petition as untimely and the Court of Appeals affirmed. This was incorrect. The Court will assume that Orduno gave his Petition "to prison authorities on the same day he signed it." *Butler v. Long,* 752 F.3d 1177, 1178 n.1 (9th Cir. 2014). *See Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (discussing mailbox rule in federal proceedings); *State v. Rosario*, 987 P.2d 226, 228 (Ariz. Ct. App. 1999) (applying prisoner mailbox rule to filing post-conviction relief notice). Therefore, the Court assumes that Petitioner delivered his filings to prison authorities for mailing on October 2, 2016, the day he signed them.

Accordingly, this Court concludes that the Superior Court should have accepted Orduno's Petition for Post-Conviction Relief as timely filed. Because Orduno filed his Petition in this Court less than a year after the conclusion of his post-conviction relief proceedings in the Arizona Court of Appeals, this Court will assume that his Petition was timely filed. However, even assuming that Orduno's Petition was timely filed and contains exhausted claims, he is still not entitled to relief.

### Orduno is Not Entitled to Relief

On habeas review, this Court can only grant relief if the petitioner demonstrates prejudice because the adjudication of a claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding." 28 U.S.C. § 2254(d). This is a "'highly deferential standard for evaluating state-court rulings' which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

Due Process and Presumption of Innocence (Grounds One and Two).

In Ground One of the Petition, Orduno claims that "posting a bodyguard next to the victim while she testified was an error which requires reversal." (Doc. 1-9 at 48) In Ground Two, Orduno claims that his rights were infringed because the Superior Court did not make a record about the victim's bodyguard. (Doc. 1-9 at 49)

When addressing these arguments, the Arizona Court of Appeals noted that "the Defendant has not presented sufficient evidence to enable us to determine that courtroom security was noticeable to the jury." (Doc. 10-1, Ex. B at 4) In his Petition, Orduno has not provided any additional evidence to support the notion that he was prejudiced by the presence of security. Aside from the allegations contained within his Petition, the record is devoid of details.

Accordingly, this Court cannot say that the Court of Appeals' decision was in any way violative of clearly established Federal law or based on an unreasonable determination of the facts in light of the evidence at his trial. Accordingly, Grounds One and Two of his Petition could not entitle Orduno to habeas relief.

Ineffective Assistance of Appellate Counsel (Ground Three).

Under clearly established Federal law on ineffective assistance of counsel, Orduno would need to show that his appellate counsel's performance was both (a) objectively deficient and (b) caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This results in a "doubly deferential" review of counsel's performance. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011). The Court has discretion to determine which *Strickland* prong to analyze first. *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998).

In Ground Three of his Petition, Orduno argues that he received ineffective assistance of appellate counsel because she did not "make a sufficient record to support any claims raised on appeal." (Doc. 1-9 at 50)  However, the reason the Court of Appeals reviewed for fundamental error was that the trial court record, where Orduno represented himself, did not contain any relevant objections. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (explaining that failure to raise an issue at trial waives the issue on appeal absent fundamental error).

Because Orduno is again unable to show that the Court of Appeals' decision was in any way violative of clearly established Federal law or based on an unreasonable determination of the facts in light of the evidence at his trial, Ground Three of his Petition could not entitle Orduno to habeas relief.

State Claims (Grounds Four through Thirteen).

In Grounds Four through Thirteen, Orduno raises state law claims.  Specifically, Ground Four states "trial date setting" (Doc. 1-10 at 12); Ground Five states "issues involving jurors" (Doc. 1-10 at 13); Ground Six states "denial of motion to change venue" (Doc. 1-10 at 14); Ground Seven states that Superior Court judges abused their discretion and acted outside of their jurisdiction in denying his requests to change judge (Doc. 1-10 at 15); Ground Eight states that the trial judge should have granted a stay in connection with his special action (Doc. 1-10 at 16);  Ground Nine states that "the trial judge erred in allowing certain individuals, but not others, to remain in the courtroom during trial (Doc. 1-10 at 17); Ground Ten states that "the trial judge erred in ordering the Maricopa County Sheriff to transport petitioner and secure his presence during court room proceedings 'by any means necessary [sic]'" (Doc. 1-10 at 18); Ground Eleven states "the trial court erred in denying Petitioner's Motion to Dismiss" (Doc. 1-10 at 19); Ground Twelve states "the trial court erred in allowing the State to amend the indictment over Petitioner's objections" (Doc. 1-10 at 20); and Ground Thirteen states "the trial court erred in dismissing the Rule 32 proceedings" (Doc. 1-10 at 21).

These remaining claims are all based on State law and federal habeas relief is not available for alleged errors in the interpretation or application of state law. *Estelle v. McGuire*, 502 U.S. 62 (1991); *Middleton v. Cupp*, 768 F.2d 1083 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986). In Ground Fours through Thirteen of his Petition, Orduno does not assert violations of the U.S. Constitution or federal law. Accordingly, these claims could not entitle Orduno to habeas relief.

**IT IS THEREFORE RECOMMENDED** that Adan Orduno's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an

. . .

. . .

. . .

order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 22nd day of June, 2018.

David K. Duncan
United States Magistrate Judge